PHILLIP J. LILLY, ADMINISTRATOR AD PROSEQUENDUM
OF IRENE M. LILLY, DECEASED, RESPONDENT, v. F.
MARION DUCKWORTH, APPELLANT.

Submitted October 28, 1927—Decided February 6, 1928.

For the appellant, *Edward L. Katzenbach.*

For the respondent, *W. Reading Gebhardt.*

The opinion of the court was delivered by

CAMPBELL, J. This is an appeal from a judgment, under
the Death act, for damages for the death of respondent's
intestate resulting from negligence in the operation of a
motor car alleged to have been owned and operated by ap-
pellant or his agents and servants.

The decedent, Irene M. Lilly, was struck and injured by
an automobile in a public highway in Phillipsburg, Warren
county, this state, and died as a result of the injuries so in-
flicted.

The serious question at the trial of the cause was the ownership and operation of the car which struck and injured the deceased child.

The first ground urged for reversal is error in refusing to direct a verdict.

This is urged upon the ground that there was no evidence establishing, as a fact, that the car was owned and operated by appellant or operated by his agent or servant.

There was, however, some evidence in that direction, particularly that of a sister of the decedent who saw the happening, and on the day after the happening identified the car of the appellant as the vehicle which had come in collision with her sister.

There was therefore a jury question raised, and it was not error to have refused to direct a verdict in favor of appellant.

The second ground urged for reversal is an alleged error in the charge of the trial court that appellant made certain statements with reference to insurance, which were admitted "for the purpose of allowing the jury to assess it in the sense of its being an admission of responsibility in connection with the question with which we are concerned."

We do not find error therein. The learned trial judge did not say it was an admission of responsibility for the happening and the death of respondent's intestate, but he did leave it with the jury to use it for what they found it to be worth, if anything, with all the surrounding circumstances and conditions, in determining whether or not the appellant was the owner of the car which caused the happening and resulting death.

The third and final ground for reversal is an alleged error in the charge of the trial court wherein it is contended the court instructed the jury that the appellant was liable if his automobile caused the happening and was driven by some servant of his or some member of his family.

We think there was no error in the charge in this respect. The appellant cites only a small excerpt from the charge devoted to this particular subject, and a reading of all that the learned trial judge said upon this subject satisfies us that his instruction was correct in law.

Furthermore, the reason stated in taking this exception was that there was no evidence as to who was driving the car in question. This was the sole reason urged, and this is what the appellant must stand upon.

If the identity of the car was established, then with it arose the presumption that it was operated by the owner, or his agent or servant, with his authority and within the scope of the latter's employment, subject to being overcome by proof to the contrary. *Mahan* v. *Walker*, 97 *N. J. L.* 304, and cases following the principle therein laid down.

This principle, in substance, the learned trial judge charged, and there was no error.

The judgment below is affirmed, with costs.

*For reversal*—None.